```
FILED
2012 AUG 22  AM 8: 11
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE OLSON,<br>Inmate Booking No. 12540741,<br><br>                Plaintiff,<br><br>vs.<br><br>CDCR; SCOTT SAGE;<br>TERESA MILLER; TERESA AYALA;<br>AGENT MILLER,<br><br>                Defendants. | Civil No.  12-1502 BEN (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a)**<br>**[ECF No. 5]**<br><br>**AND**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS** |

    Steve Olson ("Plaintiff"), an inmate currently housed at the George Bailey Detention Facility located in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. However, before the Court could conduct the required sua sponte screening, Plaintiff filed a First Amended Complaint which is now the operative pleading. (ECF No. 6.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 5).

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

/ / /

/ / /

/ / /

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows he has insufficient funds with which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 5), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A.    Rule 8

An initial review of Plaintiff's First Amended Complaint demonstrates that Plaintiff has failed to comply with Rule 8. Specifically, Rule 8 provides that in order to state a claim for relief in a pleading, it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1) & (2). Plaintiff's pleading is disjointed and fails to clearly set forth any specific factual allegations against any of the named Defendants.

### B.    Fourteenth Amendment Claims

While far from clear, it appears that Plaintiff is claiming that Defendants placed unfair parole conditions on him and he disputes the number of criminal charges he has been convicted of in the past. (*See* FAC at 2-3.) First, to the extent Plaintiff seeks injunctive relief in the form of a court order allowing for release from his current confinement, such relief is not available under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that

"when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole federal remedy is a writ of habeas corpus").

Second, to the extent Plaintiff seeks monetary damages against either California Department of Corrections and Rehabilitation officials or the Board of Prison Terms to attack the constitutionality of parole officials' decision to place conditions on his parole, he cannot do so unless and until he can show that the parole hearing has already been invalidated by a direct appeal or other habeas corpus proceedings.[1] *See Heck v. Humphrey*, 512 U.S. 475, 486-87 (1994); *Preiser*, 411 U.S. at 500. Under *Heck*, before Plaintiff may seek damages related to an allegedly unconstitutional parole determination, he must allege facts to show that the parole decision has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the issuance of a writ of habeas corpus. 512 U.S. at 487. A civil rights claim challenging the legality of a conviction or the length of confinement that has not been so invalidated is not yet cognizable under § 1983. *Id.*; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997). As such, Plaintiff's parole-related due process claims for monetary damages must be dismissed for failure to state a claim without prejudice to re-alleging them after the underlying parole determination has been invalidated. *Edwards*, 520 U.S. at 649; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 5) is **GRANTED**.

2. The Watch Commander, or his designee, is ordered to collect from Plaintiff's

---

[1] Because Plaintiff's First Amended Complaint is not clear, the Court is unable to determine the nature of remedies Plaintiff is seeking against any of the named Defendants. However, if Plaintiff is seeking to challenge the constitutionality of his parole revocation hearing by way of a new parole hearing, he may be able to proceed in this § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California 92158.

**IT IS FURTHER ORDERED** that:

4. The case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking money damages against immune Defendants. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

5. Plaintiff is granted forty five (45) days from the date this Order is "Filed" in which to file an amended complaint which addresses each deficiency of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIV. L.R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

6. The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

DATED: 8/20/2012

HON. ROGER T. BENITEZ
United States District Judge